IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DYNAMICS RESEARCH CORP.　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　CASE NO. 2:05-cv-340-F
　　　　　　　　　　　　　　　　　　)　　　WO
TYBRIN CORP., ET AL　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　　)

# **O R D E R**

This cause is before the court on the numerous motions filed by the parties in support

of and in opposition to the plaintiff's request for preliminary injunctive relief.  A brief review

of the procedural history is instructive.

On April 12, 2005, Plaintiff Dynamics Research Corporation (hereinafter "Plaintiff")

filed a motion for preliminary injunction.  (Doc. # 4).[1]  By its motion, the plaintiff requests

this court to enjoin

> [e]ach of defendants Charles Mohnshine, Paula W. Brown, Jason O. Holmes,
> Crystal Dawn Dismukes, Brandon Keith, Joanne M. Kendall, John F.
> McInnish, Jr. and Brett A. Rodgers, . . . whether acting alone or in concert with
> others, including defendant Jimmie D. Rodgers, Cempro Technologies, LLC
> and TYBRIN Corporation and any officer, agent representative, and/or
> employee of Cempro Technologies, LLC or TYBRIN Corporation . . . from
> directly or indirectly performing services for [Plaintiff's] competitors,
> including TYBRIN and Cempro, on a project on which he or she previously
> worked for [Plaintiff], including any project involving program control support
> for the United States Air Force in the Montgomery, Alabama area.

---

[1]  This motion also contained an Emergency Motion for Temporary Restraining Order. (Doc.
# 4).  By Order, on April 13, 2005, the court denied the motion for temporary restraining order. (Doc.
# 9).

and to enjoin

> defendants Brett A. Rodgers, Jimmie D. Rodgers and Cempro Technologies,
> LLC, . . . whether alone or in concert with others, . . . from directly or
> indirectly performing any work under any contract or subcontract resulting
> from the Air Force's February 10, 2005 solicitation for competitive proposals,
> entitled Program Control Support for Operations Support and Sustainment
> Group and Operations Support Systems Wing (Solicitation 05-SSG-CO-0004).

(*Id*. at p. 4). The following day, on April 13, 2005, the court scheduled the motion for a

hearing on April 28, 2005. (Doc. # 9). Thereafter, on April 14, 2005, Plaintiff filed a Motion

for Leave to Conduct Depositions Before the Parties' Discovery Conference requesting the

court to order defendants Brett A. Rodgers and Jimmie D. Rodgers to appear for depositions

noticed by Plaintiff for April 26, 2005. (Doc. # 10). In its motion, Plaintiff asserts that it

"cannot properly prepare for, and present its case at the April 28, 2005 hearing on

preliminary injunction without first deposing" said defendants. (*Id*.). As a result, on April

18, 2005, the court ordered defendants Brett A. Rodgers and Jimmie D. Rodgers to show

cause in writing why Plaintiff's motion should not be granted no later than April 22, 2005.

(Doc. # 11).

On April 18, 2005, defendant TYBRIN Corporation (hereinafter "Tybrin") filed a

Motion to Stay Proceedings requesting the court to "stay this proceeding, including all

discovery, until the United States Air Force is made a party to this case." (Doc. # 12). In its

motion, Tybrin argues that the "motion for preliminary injunction is moot because the

Contracting Officer stayed performance pending a protest filed with the Air Force by

[Plaintiff]." (*Id*.). In support of its motion, Tybring filed a memorandum brief and the

affidavit of Joseph R. James, the Contracts Manager for Tybrin. (Docs. # 13 & 14). In his

affidavit, Joseph R. James asserts that

> on April 15, 2005, TYBRIN received notice from the Contracting Officer [Annette D. Hudson] that she was staying performance, effective April 18, 2005 pending the resolution of [Plaintiff's] protest. This mandatory stay was instituted because of the requirements of Federal Acquisition Regulation 33.103(f)(3).   TYBRIN is not performing the work, nor is Cempro Technologies or its employees.  TYBRIN and CEMPRO will report back to work once ordered to do so by the Contracting Officer.

(Doc. # 14, Ex. A).  Attached to this affidavit is the memorandum from the Contracting Officer of the Department of the Air Force.  (*Id*.).  In light of this motion, by Order entered on April 17, 2005, the court directed Plaintiff "to show cause in writing why the motion to stay should not be granted and the motion for preliminary injunction should not be denied as moot" no later than April 22, 2005.  (Doc. # 17).

On April 22, 2005, Plaintiff filed Plaintiff's Memorandum Showing Cause Why Defendant TYBRIN Corporation's Motion to Stay Proceedings Should Not Be Granted and Why Plaintiff's Motion for a Preliminary Injunction Is Not Moot.  (Doc. # 25).  In its memorandum, Plaintiff argues that the Air Force is not a necessary party to this action and maintains that it is not seeking to prohibit defendant Tybrin from performing its contract with the Air Force.  (*Id*.).  Plaintiff also clarifies its request for injunctive relief as follows:

> . . . [Plaintiff] seeks (a) to prevent its disloyal former employees (defendants Mohnshine, Brown, Dismukes, Holmes, Keith, Kendall, McInnish, and Brett Rodgers) from violating their employment agreements by directly or indirectly performing services for [Plaintiff] competitors, including TYBRIN and Cempro, on a project on which they previously worked for [Plaintiff], and (b) to prevent defendants Brett Rodgers, Jimmie Rodgers and Cempro Technologies, LLC from exploiting trade secrets that they misappropriated from [Plaintiff] by directly or indirectly performing any work under

TYBRIN's Air Force contract. (*Id*. at p. 2). Plaintiff further argues that the "Air Force's suspension of the performance of TYBRIN's contract may reduce the urgency of [its] motion for a preliminary injunction, but it does not moot it." (*Id*. at p. 4). Plaintiff asserts that the purpose of the requested preliminary injunction is to protect it from irreparable harm pending disposition of this lawsuit and contends that the Air Force's temporary suspension does not accomplish this purpose. (*Id*. at pp. 4-5).

On April 22, 2005, defendant Jimmie D. Rodgers filed a response in opposition to Plaintiff's motion for leave to conduct limited depositions. (Doc. # 27). By his response, defendant Jimmie D. Rodgers argues that Plaintiff's "motion for preliminary injunction is moot due to the stay of performance of the subject contract issued by the contracting officer" and thus concludes that the "expedited discovery as sought by [Plaintiff] is not necessary." (*Id*. at ¶ 1). Defendant Jimmie D. Rodgers further asserts that the proceedings and any discovery should be stayed pending the addition of the United States Air Force as a party to the lawsuit. (*Id*. at ¶ 2).

On the same date, defendant Brett A. Rodgers filed a response in opposition to Plaintiff's motion for leave to conduct depositions arguing that the "necessity for preliminary injunction is moot because the protest filed by the plaintiff stayed the performance of the contract." (Doc. # 32, ¶ 1). Defendant Brett A. Rodgers also argues that his counsel is scheduled to be out of the State of Alabama on April 25, 2005 and April 26, 2005, and thus would not be able to attend nor prepare defendant Brett A. Rodgers for the deposition

4

scheduled for April 26, 2005.  (*Id*. at ¶ 2).  In turn, Defendant Brett A. Rodgers requests that

the court "deny Plaintiff's motion for leave to conduct depositions and allow this matter to

proceed in accordance with the Rules of Civil Procedure and the local rules of this District."

(*Id*.).

On April 25, 2005, Defendant Cempro Technologies, Inc. (hereinafter "Cempro")

filed a Motion of Defendant Cempro Technologies, Inc. Joining Motion of Defendant Tybrin

Corporation to Stay Proceedings.  (Doc. # 33).  By its motion, Defendant Cempro adopts the

arguments of Defendant Tybrin in its motion to stay and asserts that the "conduct of a

preliminary injunction at this stage would be superfluous given the fact that the Air Force's

Contracting Officer has stayed performance of the subject contract. . ." (*Id*. at ¶ 2).

Defendant Cempro contends that

> [b]ecause that stay is in place, neither Cempro nor its officers or employees are
> currently performing any functions regarding or relating to the subject
> contract.  In fact, Cempro is performing no other work at this time, and its
> employees have been placed on vacation leave pending resolution of the bid
> protest.

(*Id*.).  Defendant Cempro also joins Defendant Tybrin's argument that "the Air Force is a

party needed for a just adjudication under Fed. R. Civ. P. 19."  (*Id*. at ¶ 3).  As a result,

Defendant Cempro requests the court to grant Defendant Tybrin's motion to stay until such

time that the Air Force is made a party to the action.  (*Id*.).

Finally, on April 25, 2005, Defendant Tybrin filed a reply to Plaintiff's opposition to

its motion to stay.  (Doc. # 34).  In its reply, Tybrin reiterates its position regarding the

mootness of Plaintiff's request for preliminary injunction and repeats its request for a stay of the proceedings, including discovery, until the Air Force is added as an indispensable party. (*Id.*).

Accordingly, upon consideration of the motions and responses thereto, it is hereby ORDERED as follows:

1.   The motion for preliminary injunction (Doc. # 4) is DENIED.  Contrary to Defendants' position, the court finds that the request for injunctive relief is not moot.[2]  However, the court finds that the request for injunctive relief is due to be denied inasmuch as Plaintiff *presently* cannot satisfy the elements necessary to warrant preliminary injunctive relief.[3]  Specifically, Plaintiff cannot presently establish a substantial threat of irreparable injury or harm

---

[2] "A request for injunctive relief may become moot if it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and interim events have eradicated the effects of the alleged violation." *Arrington v. Fuller*, 237 F. Supp. 2d 1307, 1311 (M.D. Ala. 2002) (citing *Reich v. Occupational Safety and Health Review Comm'n,* 102 F.3d 1200, 1201 (11th Cir. 1997)).  In this case, the interim event--namely, the decision of the Air Force to stay performance of the contract at issue--does not eradicate the effects of the alleged violation.  Rather, the Air Force's decision merely suspends the effects of the alleged violation pending resolution of the protest filed by Plaintiff.  (*See* Doc. # 14, Ex. A, Air Force Mem.).

[3] A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion.' " *Zardui-Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985) (quoting *United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir.1983)), *reh'g denied,* 778 F.2d 793 (11th Cir. 1985).  To prevail on a motion for a preliminary injunction, a party must prove: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that its own injury outweighs the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. *Haitian Refugee Center, Inc. v. Baker,* 949 F.2d 1109, 1110 (11th Cir. 1991).  Failure of a plaintiff to demonstrate one of these elements requires the court to deny the plaintiff's request for a preliminary injunction. *Café 207, Inc. v. St. Johns County,* 989 F.2d 1136, 1137 (11th Cir. 1993).

because no irreparable injury exists due to the mandatory stay instituted by the Air Force.

2.  The hearing on the motion for preliminary injunction scheduled for April 28, 2005 is CANCELED.

3.  The motions to stay proceedings (Docs. # 12 & 33) are DENIED.  At this early stage of the proceedings, a determination of whether the Air Force is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure is premature.[4]

4.  The Motion for Leave to Conduct Depositions Before the Parties' Discovery Conference filed by Plaintiff (Doc. # 10) is DENIED.

The parties are hereby ADVISED that the court will consider any future appropriate requests for injunctive relief if filed as the need arises.

DONE this 25th day of April, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]  The parties have not commenced discovery and the present defendants have not filed a responsive pleading to the Complaint.

7